IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUANITA WILSON, Individually and as Special Administrator of the Estate of FREDDIE WILSON deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, a municipal corporation<br><br>    Defendant. | 08 C 0414<br><br>Judge Kennelly<br><br>Magistrate Judge Denlow |

**DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE STAY, OR REMAND THE PROCEEDINGS**

Defendant City of Chicago (the "City"), by its attorney, Mara S. Georges, Corporation Counsel for the City, requests that this Honorable Court dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 17. In the alternative, the City requests this Honorable Court to stay this case, pending the resolution of the decedent's probate matters, or remand the state law claims if the federal claims are dismissed. Additionally, the City requests that this Honorable Court stay the City's answer to the complaint, discovery, and responses to requests to admit until after a ruling on this motion. In support of this motion, the City states as follows:

**NATURE OF THE CASE**

On November 30, 2007, plaintiff filed the complaint in the above-captioned lawsuit in the Circuit Court of Cook County. The City was served a copy of the Summons and Complaint on December 28, 2007. The complaint alleges, among other things, that the City violated the civil rights of the plaintiff, individually, and as the special administrator[1] of Freddie Wilson's estate; therefore, the City removed the action pursuant to 28 U.S.C. §1441(b) and (c) to the United

---

[1] The caption of the complaint reads "Special Administrator". A special administrator is appointed by court pursuant to the Illinois Wrongful Death Act 740 ILCS 180/2.1 upon the motion of any person who would be entitled to a recovery under the Act, when the cause of action arising under the Act is the only asset of the estate, and no petition for letters of office for the estate has been filed and notice has been given to the party's heirs or legatees as the court directs. Since there has been no such motion and letters of office for the estate have been filed by Private Bank & Trust, the City will refer to plaintiff's alleged role as "administrator".

States District Court for the Northern District of Illinois, Eastern Division, on January 18, 2008.

Plaintiff alleges that on November 13, 2007, at approximately 10:30 p.m., four unknown officers of the Chicago Police Department shot her adult son, Freddie Wilson (the "decedent") who died as a result of his injuries. (Plaintiff's Complaint, attached hereto as Exhibit ("Ex.") 1, Facts Common to All Counts, ¶ 7).[2]

Plaintiff, both individually and as the administrator of the decedent's estate, brings six counts against the City. The first two counts are civil rights actions pursuant to 42 U.S.C. §1983. Count I, a wrongful death claim, alleges plaintiff's loss of consortium and society with her son the decedent. (Ex. 1, Count I, ¶17). Also, Count I alleges a civil rights claim on behalf of the decedent's estate pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et. seq. (1995). (Ex. 1, Count I, ¶18). Count II alleges a civil rights claim for survival pursuant to the Illinois Survival Act, 755 ILCS 5/27-6 (1997). (Ex. 1, Count II, ¶17). Plaintiff alleges the decedent suffered injuries that would have entitled him to compensation had he survived. (Ex. 1, Count II, ¶17). Plaintiff includes herself individually in this count, but does not specifically allege she suffered any injury. (See Ex. 1, Count II).

Also, plaintiff brings four counts under state law against the City. Count III alleges a state law assault and battery claim pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et. seq. (1995), for which plaintiff claims injuries individually and for the decedent's estate. (Ex. 1, Count III, ¶¶ 15, 16). Count IV alleges an assault and battery claim pursuant to the Illinois Survival Act. 755 ILCS5/27-6 (1997). Plaintiff alleges injuries and damages on behalf of the decedent's estate. (Ex. 1, Count IV, ¶15). Plaintiff includes herself individually in this count, but does not specifically allege she suffered any injury. (See Ex. 1, Count IV). Count V alleges assault and battery wrongful death claim for punitive damages. Plaintiff alleges damages individually and for the decedent's estate. (Ex. 1, Count V, ¶18). Finally,

---

[2] Paragraphs in the complaint are not sequentially numbered, therefore, the City cites both to the heading and to the corresponding paragraph number under that heading.

Count VI alleges assault and battery survival claim for punitive damages. Plaintiff alleges damages individually and for the decedent's estate. (Ex. 1, Count VI, ¶16).

Currently, the City is aware a number of pending state court actions based on the same incident as this case. The following is a summary:

- November 19, 2007: Angela Jadoo, mother of Latee Wilson, allegedly the decedent's minor son, petitions for letters of administration for Freddie Wilson's estate. (See Probate file and docket sheet, attached hereto as Ex. 2).

- November 28, 2007: Corintha Federick, mother of King Latee Osei'el, allegedly the decedent's minor son, files an action for wrongful death and survival naming the City as the defendant in the Circuit Court of Cook County. (See Corintha Federick's Complaint, attached hereto as Ex. 3).

- November 29, 2007: Angela Jadoo, mother of Latee Wilson, files an action for wrongful death and survival naming the City as the defendant in the Circuit Court of Cook County. Angela Jadoo later amends her complaint to substitute Private Bank & Trust as the administrator and plaintiff in this action. (See Angela Jadoo's Complaint and Amended Complaint, attached hereto as Ex. 4).

- November 30, 2007: Plaintiff files this case, no. 07 L 013407, in the Circuit Court of Cook County.

- December 28, 2007: Angela Jadoo petitions the Probate Division for letters of administration to be issued to the Private Bank and Trust, and Judge James W. Kennedy issues letters of office as an independent representative to the Private Bank &Trust. Judge Kennedy also enters an order declaring Latee Wilson the only heir of the decedent. (Ex. 2, Order by Judge Kennedy, attached hereto as Ex. 5).

- January 18, 2008: The City removes this case, now no. 08 C 0414, to the United States District Court for the northern District of Illinois, Eastern Division.

- February 27, 2008: Plaintiff in this case petitions the Probate Division to remove administrator of the estate. (Ex. 2).

- March 13, 2008: Corintha Fredrick and Private Bank and Trust cases are consolidated. (Order by Judge Maddux, attached hereto as Ex. 6).

- March 28, 2008: The City's motion to dismiss Corintha Fredrick and Private Bank and Trust actions for wrongful death and survival against the City was set for hearing on April 9, 2008 and at that time was continued to April 23, 2008. (Defendant City of Chicago's Motion to Dismiss the actions of Corintha Federick and Private Bank & Trust as Independent Administrator of the Estate of Freddie Latrice Wilson v. City of Chicago, and state court docket sheet, attached hereto as Ex. 7).

- April 4, 2008: Plaintiff's petition to remove administrator is withdrawn upon advice of Judge in open court as observed by the undersigned counsel for the City. Specifically, Judge Kennedy opined that plaintiff lacked standing to bring the petition. (Order by

Judge Kennedy, attached hereto as Ex. 8). Consequently, as of March 28, 2008, plaintiff in this case, Juanita Wilson, has not been named administrator of decedent's estate, and in fact, has withdrawn her petition to be named the administrator. She is represented by the same attorneys in both actions.

The City now brings this Motion to Dismiss, based on "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). First, plaintiff has no standing to recover for the loss of the companionship of her adult child for her individual §1983 claims. Additionally, plaintiff has not shown that she is the administrator or personal representative of the decedent's estate, and therefore is not the real party in interest to bring §1983 actions on behalf of the estate or individually. Fed. R. Civ. P. 17. In the alternative, the City requests this Court stay or remand the action on behalf of the estate pending final determination of the administrator or personal representative of the estate of Freddie Wilson.

## STANDARD OF REVIEW

Dismissal of an action pursuant to Rule 12(b)(1) is proper where the plaintiff cannot satisfy the burden of establishing that it meets the required elements of standing. Retired Chicago Police Ass'n v. City of Chicago, 76 F.3d 856, 862 (7th Cir. 1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). In resolving a motion to dismiss, the court is entitled to take judicial notice of matters in the public record. Anderson v. Simon, 217 F.3d 472, 474-75 (7th Cir. 2000). The elements required to establish standing are: (i) an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized and, thus, actual or imminent, not conjectural or hypothetical; (ii) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (iii) a likelihood that the injury will be redressed by a favorable decision. Lee v. City of Chicago, 330 F.3d 456, 468 (7th Cir. 2003) (citations omitted).

Under Rule 17, "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17. The real party in interest is not necessarily the person who will

benefit from the recovery, rather is the person, by substantive law, who possesses the right sought to be enforced. People v. Life of Mid-America Ins. Co., 805 F.2d 763, 764 (7th Cir. 1986) (citations omitted). The real party in interest must be determined according to the federal substantive law in cases based upon a federal statute. Id.; See also Wilson v. Sundstrand Corp., No. 99 D 6944, 99 C 6946, 2002 WL 99745, *1 (N.D. Ill. Jan. 25, 2002) (Kennelly, J.) (dismissal pursuant to Rule 17 is the appropriate action when plaintiff lacks capacity to sue) (Attached hereto as Ex. 9).

## ARGUMENT

Plaintiff fails to establish any of the necessary elements of standing. Primarily, plaintiff does not have a legally protected interest in her relationship with the decedent. Moreover, she does not establish a causal relationship that the police action was aimed at severing her relationship with the decedent. Additionally, plaintiff lacks capacity to sue as to all other claims. Plaintiff has not shown she is the administrator of decedent's estate; thus, there is no legally protected interest she can assert on behalf of the estate in the remaining federal and state claims. Therefore, the City's motion to dismiss should be granted. In the alternative, the claims on behalf of the estate could be stayed or remanded pending the appointment of an administrator.

I.  **PLAINTIFF LACKS STANDING TO BRING CONSTITUTIONAL CLAIMS INDIVIDUALLY UNDER RUSS v. WATTS AND THESE CLAIMS SHOULD BE DISMISSED.**

Parents have no constitutional right to recover for the loss of companionship of an adult child when that relationship was terminated as an incidental result of state action. See Russ v. Watts, 414 F. 3d 783, 791 (7th Cir. 2005), cert. denied, 546 U.S. 1094 (2006). In Russ the parents of an adult son who was fatally shot by Chicago Police Officers brought a §1983 claim against the City and the individual officers involved in the altercation. Id. at 783. The district court granted summary judgement in favor of the defendants based on Russ' formation of his own family unit. Id. at 787. Russ lived on his own at college, was aware of his girlfriend's pregnancy, and had made plans to take care of his unborn child indicating he had become part of

another family unit.  Id.  The Seventh Circuit affirmed the grant of summary judgment in favor of the defendants on other grounds, finding that there was no intentional action by the state to interfere with a familial relationship, and therefore, there could be no recovery for the loss of the companionship of an adult child.  Id. at 791.

In this case, plaintiff similarly does not have a protectable interest in her relationship with the decedent.  The decedent was 35 years old at the time of his death, and had at least one minor child; decedent was part of another family unit.  (See Exhibits 2, 3, 4).  Moreover, plaintiff fails to allege any facts indicating that the Officer's actions were specifically aimed at severing her relationship with the decedent.  Like the parents in Russ, plaintiff, as an individual, has no recognized constitutional right of action.  Plaintiff lacks standing to bring the individual §1983 claims alleged in Count I and II of the complaint, and therefore, the City requests these counts be dismissed.

II.     **PLAINTIFF HAS NOT ESTABLISHED THAT SHE IS THE ADMINISTRATOR OF DECEDENT'S ESTATE AND THEREFORE BOTH THE FEDERAL AND STATE CLAIMS ON BEHALF OF DECEDENT'S ESTATE SHOULD BE DISMISSED.**

Section 1983 is silent on standing regarding actions on behalf of an estate.  Section 1988 indicates that the corresponding state law should be applied.  Robertson v. Wegmann, 436 U.S. 584, 588 (1978).  Under Illinois law, the individual appointed as the estate administrator has standing to bring suit under both the Illinois Wrongful Death Act as the decedent's personal representative. Glenn v. Johnson, 764 N.E.2d 47, 52 (Ill. 2002) (holding that under the Illinois Wrongful Death Act decedent's wife and administrator of his estate was an appropriate personal representative and has standing to maintain the action on behalf of the estate); Thomas v. Cook County Sheriff, 401 F. Supp. 2d 867, 872 (N.D. Ill. 2005).  The Illinois Survival Act is silent on who can bring suit on behalf of a decedent.  Wilson v. Sundstrand Corp., 2002 WL 99745 at *3.  However, Illinois law indicates that only the administrator or the executor of a decedent's estate can maintain an action under the Illinois Survival Act.  Wilmere v. Stibolt,  504 N.E.2d 916, 918 (Ill. 1987) (holding that under the Illinois Survival Act the administrator of a decedent's estate

has standing to maintain an action on the decedent's behalf); Thomas, 504 N.E.2d at 872 n.8.

In Thomas, Marlita Thomas brought §1983 claims and state claims on behalf of the estate of her adult son, Norman Smith. Id. at 869. Thomas' standing as the administrator of the estate was challenged based on a discrepancy with the decedent's name on the probate order. Id. at 872, n.7. The court found that the order and the petition for the letters of administration adequately identified the decedent, and that Thomas' status as administrator of the estate was legitimate. Id. at 872. Though Smith had a surviving spouse and children who would be the estate's beneficiaries, Thomas' status as the administrator gave her the standing to bring the lawsuit even if she would not be a beneficiary of the estate. See id. at 872.

In this case, plaintiff lacks standing to sue on behalf of the decedent's estate and lacks the capacity to sue as an individual under the Illinois Wrongful Death Act and the Illinois Survivor Act. Private Bank & Trust has been named the Independent Administrator of the decedent's estate. Plaintiff claims to be the administrator; however, the City can find no court order to that effect. (Ex. 1, Facts Common to All Counts ¶ 2); (See also Ex. 2). Though a personal representative does not always have to be the administrator, plaintiff does not claim to be the personal representative of the estate for the purposes of the claims pursuant to the Illinois Wrongful Death Act. Wilson v. Sundstrand Corp., 2002 WL 99745 at *3 (noting the personal representative requirement is likely to allow for other legal systems' mechanisms for court appointment of an administrator and holding that foreign plaintiffs, properly authorized to bring suit by their home jurisdictions, could maintain a cause of action under the Illinois Wrongful Death Act and Illinois Survival Act). Plaintiff does not have standing to sue on behalf of the estate under §1983 pursuant to the Illinois Wrongful Death Act, nor does she have the capacity to sue as an individual pursuant to the same Act. Therefore Counts I, III, and V should be dismissed.

The same holds true for the claims pursuant to the Illinois Survival Act. Plaintiff is not the administrator of the decedent's estate and does not have standing to sue under §1983

pursuant to the Illinois Survival Act, nor does she have the capacity to sue as an individual pursuant to the same Act.  There are a number of parties involved in other lawsuits based on this same incident as well as the probate proceedings of the decedent's estate.  Essentially, though plaintiff had a familial relationship with the decedent, it is yet to be determined if she, or any of the other parties asserting an interest in the estate, has any legal relationship to the decedent's estate relevant to these proceedings. Plaintiff has yet to be named the administrator of the decedent's estate, and in fact, appears to have abandoned her efforts to be named the administrator. Consequently, Counts II, IV and VI should be dismissed.

**III.   IN THE ALTERNATIVE, THE CLAIMS SHOULD BE STAYED UNTIL THE APPOINTMENT OF A PERSONAL REPRESENTATIVE OR ADMINISTRATOR, OR THE CLAIMS SHOULD BE REMANDED IF ALL FEDERAL CLAIMS ARE DISMISSED.**

When a concurrent state court proceeding involves substantially the same parties and issues, a district court may stay or dismiss the federal proceedings for reasons of  "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" as long as there are "exceptional circumstances ." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976).  "The principle purpose of a stay under Colorado River is judicial economy." Schneider Nat'l Carriers, Inc. V. Carr, 903 F.2d 1154, 1157 (7th Cir. 1990).  In Colorado River the district court dismissed a federal case in deference to ongoing state proceedings, the Supreme Court held that a federal district court could abstain from the assumption of jurisdiction over a suit in exceptional circumstances.  Id. at 818-20.  There is a two step inquiry in resolving an issue of standing looking first to the nature of the cases, and then determining if exceptional circumstances exist which would necessitate a stay. Tyrer v. City of South Beloit, 456 F.3d 744, 751 (7th Cir. 2006) (citations omitted).

The first question is whether this case and the state court cases are parallel.  The cases need not be identical but should have substantially the same parties and issues.  Id. at 752.  If the state court litigation will likely dispose of all claims presented in the federal case, then the cases are parallel.  Ingalls v. The AES Corp., No. 07-3086, 2008 WL 896196, *3 (7th Cir.  April 2,

2008) (Attached hereto as Ex. 10).  Here, both the state and federal cases involve the same parties and issues.  Though there appear to be a number of individuals claiming an interest in the decedent's estate, these claims are brought on behalf of the decedent's estate.  All of the lawsuits are from the same incident, involve similar claims and the state court litigation will likely dispose of all the claims in the federal case.  There are substantially the same parties and issues, and these cases are parallel.

The second question is whether there are exceptional circumstances.  Id.  A careful balancing of the factors used to judge exceptional circumstances should compel this Court to enter a stay of these proceedings until an administrator is named.  Courts look to the following ten factors, where no one factor is necessarily determinative, in deciding if exceptional circumstances exist to warrant the dismissal or stay of this litigation:

    1) whether the state has assumed jurisdiction over property;

    2) the inconvenience of the federal forum;

    3) the desirability of avoiding piecemeal litigation;

    4) the order in which jurisdiction was obtained by the concurrent forums;

    5) the source of governing law, state or federal;

    6) the adequacy of the state court action to protect the federal plaintiff's rights;

    7) the relative progress of state and federal proceedings;

    8) the presence or absence of concurrent jurisdiction;

    9) the availability of removal; and

    10) the vexatious or contrived nature of the federal claim.

Id. at 754.

Under factor one, the state has assumed jurisdiction over the decedent's estate in the probate proceedings.  Further, the two state court cases would impact the decedent's estate.  Factor two is neutral, there does not appear to be an issue of inconvenience.  Factor three is very much at issue here; it would be in the best interest of all parties involved to bring one lawsuit on

behalf of the estate.  Pursuant to the Illinois Wrongful Death Act and the Illinois Survival Act, a decedent's personal representative or administrator must bring a single action to avoid a multiplicity of suits.  Pasquale v. Speed Products Engineering, 654 N.E.2d 1365, 1378 (Ill. App. Ct. 1995); Wilson v. Sundstrand Corp., 2002 WL 99745 at *3.  Under factor four, this Court was the last to obtain jurisdiction when the City removed this case on January 18, 2008, the Probate Division obtained jurisdiction on November 19, 2007 and the Circuit Court of Cook County obtained jurisdiction on November 28, 2007.  Moreover, this action was the last of the three state court actions filed.  For factor five, both state and federal law govern, however a state courts expertise in applying its own law favors a stay.  Clark v. Lacy, 376 F.3d 682, 687-88 (7th Cir. 2004) (citations omitted).

      Under factor six, state court actions under the Illinois Wrongful Death Act and the Illinois Survival Act are adequate to protect the rights of the decedent's estate.  Regarding factor seven, the state court proceedings are further along; not only were they filed first, but also the probate matters have made several determinations, and the Circuit Court of Cook County proceedings are further along in considering a motion to dismiss. This weighs in favor of a stay pending final determination of the remaining issues.  Under factor nine, the state cases do not have federal claims and removal is not available for them.  Finally, the nature of the federal claim is arguably vexatious and contrived considering plaintiff filed this lawsuit knowing that she had not yet been appointed the special administrator of the decedent's estate.  Plaintiff does allege in her complaint that she is the special administrator of decedent's estate, but does not attach the court order or indicate a case number pertaining to that action.  Moreover, plaintiff withdrew her petition to remove the administrator in the probate matter.  Overall, balancing of these factors indicates that a stay of the possibly viable claims on behalf of the decedent's estate is an appropriate alternative to complete dismissal of the complaint.

      In the alternative, if the federal claims are dismissed, this Court can decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over the state law claims because either the

claims which the court has original jurisdiction have been dismissed or, in the event that the federal claims are stayed, there are exceptional circumstances or other compelling reasons for declining jurisdiction. Sanchez & Daniels v. Koresko, 503 F.3d 610, 614-15 (7th Cir. 2007). "The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988).

For all the reasons discussed above regarding a stay, this case has exceptional circumstances and compelling reasons that would justify declining supplemental jurisdiction over the state law claims. There are the two pending state court cases and the probate matters of the decedent's estate which have yet to be resolved. Due to these complicating factors, if this Court dismisses only the federal claims, it would be in the interest of economy, convenience, fairness, and comity to remand the remaining state claims.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that this Honorable Court dismiss this action, and grant any other relief deemed just and appropriate.

 

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
City of Chicago

BY:  /s/ Helen C. Gibbons
Helen C. Gibbons
Joan P. Altman
Assistants Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 742-3541/744-2826
Attorney No. 6292881

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have caused true and correct copies of the above and foregoing Motion and Notice of Motion to be served upon all parties of record pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 15th day of April, 2008.


                                              /s/ Helen C. Gibbons
                                              HELEN C. GIBBONS