**<u>DEFENDANT'S EXHIBIT 3</u>**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | | |
|---|---|---|
| CORINTHIA FEDERICK, mother and guardian of King Latee Osei'el, a minor, independently of the Estate of Freddie Wilson, deceased | ) ) ) | 2007L013306 CALENDAR/ROOM E TIME 00:00 PI Other |
| PLAINTIFF, | ) ) ) | |
| v. | ) ) | No. |
| | ) ) | Judge |
| CITY OF CHICAGO, a municipal corporation, and UNKNOWN CITY OF CHICAGO POLICE OFFICERS | ) ) ) | |
| DEFENDANTS. | ) ) ) | |

**COMPLAINT**

NOW COME the Plaintiffs, CORINTHIA FEDERICK, mother and guardian of King Latee Osei'el, a minor, independently for the Estate of Freddie Wilson, Deceased, by and through her attorneys Andre M. Grant and R. Eugene Pincham, complaining of the Defendants, CITY OF CHICAGO and UNKNOWN CITY OF CHICAGO POLICE OFFICERS, and state as follows:

**PARTIES**

1.    CORINTHIA FEDERICK is the mother and guardian of King Latee Osei'el, the minor, Plaintiff.

2.    King Latee Osei'el is the son of the decedent Freddie Wilson.

3.    Plaintiff CORINTHIA FEDERICK is bringing this complaint on behalf of King Latee Osei'el, a minor, for the wrongful death of his father, Freddie Wilson.

1

4.    Plaintiffs CORINTHIA FEDERICK and KING LATEE OSEI'EL, are, and at all relevant times, citizens of the United States and residents of Cook County, Illinois.

5.    Defendants, unknown police officers, are, and at all relevant times, sworn police officers of Defendant CITY OF CHICAGO. Defendant, unknown police officers are, and at all relevant times, a citizen of the United States and a resident of Cook County, Illinois.

6.    Defendant CITY OF CHICAGO is, and at all relevant times was, a municipal corporation, organized and existing under the laws of the State of Illinois. Defendant CITY OF CHICAGO is located in Cook County, Illinois.

**FACTS**

7.    At all relevant times, Defendants, unknown police officers, were sworn members of the City of Chicago Police Department, and were acting within the scope of their employment as police officers and under the color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant City of Chicago and the State of Illinois.

8.    At the time of his death on November 13, 2007, decedent Freddie Wilson was a citizen of the United States and a resident of Cook County, Illinois.

9.    On that date, decedent Freddie Wilson was stopped by the Defendant on the 100 block of North Lorel Avenue in the Austin neighborhood.

10.    At that time, Defendants, unknown police officers, approached the Plaintiff near a vehicle.

11.    At that time, Defendants, unknown police officers, shot the decedent 18 times and died as a result. Four of those shots were in the decedent's back.

## COUNT I – SURVIVAL ACTION

1-11.    Plaintiff, CORINTHIA FEDERICK, on behalf of King Latee Osei'el, a minor, re-alleges and incorporates paragraphs 1-11 of this Complaint as paragraphs 1-11 of Count I as though fully set forth herein.

12.    At all times relevant, it was the duty of Defendants unknown police officers and the City of Chicago, by and through its agent, servant, and employee unknown police officers to refrain from conduct exhibiting a reckless or intentional disregard for the safety of others, including decedent Freddie Wilson.

13.    The aforementioned duty included, but was not limited to, Defendants, unknown police officers, duty to refrain from using deadly force except to protect themselves or others from death or great bodily harm.

14.    Defendants breached the aforementioned duty by committing one of the following acts and / or omissions:

a.    Defendants unknown police officers recklessly or intentionally pointed their weapon at decedent Freddie Wilson under circumstances where the decedent posed no threat or danger either to Defendants unknown police officers or others.

b.    Defendants unknown police officers recklessly or intentionally placed their fingers on the triggers of their weapons while pointing the weapons at decedent Freddie Wilson under the circumstances where the decedent posed no threat or danger either to Defendant or others;

      c.      Defendants unknown police officers recklessly or intentionally used deadly force against decedent Freddie Wilson under circumstances where the decedent posed no threat or danger either to Defendants unknown police officers or others;

      d.      Defendants unknown police officers recklessly or intentionally shot decedent Freddie Wilson.

15.   As a direct and proximate result of one or more of the aforementioned reckless or intentional acts or omissions of Defendants, Freddie Wilson suffered serious injuries of a personal and pecuniary nature, including but not limited to great pain and suffering prior to her death, subjecting Defendants to liability pursuant to the Illinois Survival Act, 755 ILCS 5/27-6.

     **WHEREFORE**, Plaintiff CORINTHIA FEDERICK, on behalf of King Latee Osei'el, a minor for the Estate of Freddie Wilson, deceased, prays for judgment in his favor and against the Defendants, UNKNOWN POLICE OFFICERS and the CITY OF CHICAGO, in an amount in excess of the jurisdictional amount of this court.

## COUNT II – WRONGFUL DEATH

1-15.  Plaintiff, CORINTHIA FEDERICK, on behalf of King Latee Osei'el, a minor, of the Estate of Freddie Wilson, re-alleges and incorporates paragraphs 1-15 of this Complaint as paragraphs 1-15 of Count I as though fully set forth herein.

16.   As a direct and proximate result of one or more of the aforementioned reckless or intentional acts or omissions of Defendants, decedent Freddie Wilson was killed.

17.   Decedent, Freddie Wilson, left surviving his minor son King Latee Osei'el;

18.     As a direct and proximate result of Freddie Wilson, the decedent's next of kin suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the decedent, subjecting Defendants to liability pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1.

WHEREFORE, Plaintiff CORINTHIA FEDERICK, on behalf of King Latee Osei'el, a minor of the Estate of Freddie Wilson, deceased, prays for judgment in his favor and against the Defendants, UNKNOWN POLICE OFFICERS and the CITY OF CHICAGO, in an amount in excess of the jurisdictional amount of this court.

Respectfully Submitted,

One of Plaintiff's Attorneys

Atty. #33310
Andre M. Grant
Law Office of Andre M. Grant
25 East Washington – Suite 1225
Chicago, Illinois 60602
(312) 236-8004

5

**<u>DEFENDANT'S EXHIBIT 4</u>**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

ANGLEA JADOO, as mother and next friend )
of LATEE WILSON, a minor, and as )
Special Administrator of the Estate of )
FREDDIE LATRICE WILSON, Deceased, )
                                          )
        Plaintiff, )
                                            )
vs. )      No.
                                            )
CITY OF CHICAGO, a Municipal )
Corporation, )
                                            )
        Defendants. )

FILED-11
2007L013394
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION
PM 4: 26

2007L013394
PI Other

## COMPLAINT AT LAW

     NOW COMES the Plaintiff, ANGELA JADOO, as mother and next friend of LATEE

WILSON, a minor, and as Special Administrator of the Estate of FREDDIE LATRICE

WILSON, Deceased, by and through its attorneys, ROMANUCCI & BLANDIN, and in

complaining against Defendant CITY OF CHICAGO, a Municipal Corporation, pleading

hypothetically and in the alternative, states as follows:

## PARTIES

     1.  Defendant CITY OF CHICAGO is a Municipal Corporation, organized under

the laws of the State of Illinois.

     2.  That at all times pertinent hereto, the Defendant, CITY OF CHICAGO, was a

Municipal Corporation maintaining, as a division of said Municipal Corporation, a certain police

department, commonly referred to as the Chicago Police Department.

     3.  That on said date and all times pertinent hereto, the Chicago Police Officers present at

the scene of the occurrence were authorized officers, agents, representatives and/or employees of the Chicago Police Department and were then and there acting under the authority and within the scope of their agency and/or employment with Defendant, CITY OF CHICAGO.

4.    Plaintiff, ANGELA JADOO, is the mother and next friend of FREDDIE WILSON, JR., a minor.

5.    LATEE WILSON, a minor, is the only legitimate child of FREDDIE LATRICE WILSON, Deceased.

6.    Plaintiff, ANGELA JADOO is, and at all relevant times was, a citizen of the United States and a resident of Dane County, Wisconsin.

### FACTS

7.    At the time of his death on November 13, 2007, Decedent FREDDIE LATRICE WILSON (hereinafter, "WILSON") was a citizen of the United States and a resident of Cook County, Illinois.

8.    On November 13, 2007, at approximately 10:30 p.m., WILSON was seated in an automobile at or near the 0-99 block of North Lorel Avenue.

9.    On said date and time, two uniformed Chicago Police Officers approached the automobile in which WILSON was seated.

10.    That shortly after the officers approached said vehicle, two additional uniformed Chicago Police Officers were called and arrived at the scene.

11.    That the uniformed Chicago Police Officers at the scene, without provocation, need, or explanation, pulled out their service pistols and opened fire on WILSON and the automobile he was seated in.

12.    That the officers fired multiple shots at WILSON at close range, striking

WILSON repeatedly.

13.    At the time the uniformed Chicago Police Officers shot the Decedent, the Decedent has his arms raised, was unarmed, and posed no threat of death or serious injury to either the Police Officers or the public if the decedent was not immediately seized or arrested.

## COUNT I – WRONGFUL DEATH

1-13.    Plaintiff hereby adopts and re-alleges paragraphs 1 through 13 as and for paragraphs 1 through 13 of Court I as though fully set forth herein.

14.    At all relevant times, it was the duty of the Chicago Police Officers at the scene of the occurrence and Defendant CITY OF CHICAGO by and through its agents, servents, and employees to refrain from conduct exhibiting a reckless or intentional disregard for the safety of others, including decedent WILSON.

15.    The aforementioned duty included, but was not limited to, the Chicago Police Officers' duty to refrain from using deadly force except to protect themselves or others from death or great bodily harm.

16.    Defendant CITY OF CHICAGO, by and through it agents, breached the aforementioned duty by committing one of the following acts and/or omissions:

a.    Chicago Police Officers at the scene recklessly or intentionally pointed their weapons at Decedent WILSON under circumstances where the Decedent posed no threat or danger either to the Officers or others;

b.    Chicago Police Officers at the scene recklessly or intentionally placed their finger on the trigger of their weapons while pointing their weapons at Decedent WILSON under circumstances where the Decedent posed no threat or danger either to the Officers or others;

3

c.  Chicago Police Officers at the scene recklessly or intentionally used deadly force against Decedent WILSON under circumstances where the Decedent posed no threat or danger with to the Officers or others;

d.  Defendant Officers recklessly and/or intentionally shot Decedent WILSON.

17.  As a direct and proximate result of the shots fired by the officers, the Plaintiff's Decedent, WILSON, sustained substantial injuries and ultimately expired.

18.  At the time of his death, WILSON, Deceased, left surviving him, Freddie Wilson Jr., a minor, his son, who was dependant upon the Decedent for their support and have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of his life.

WHEREFORE, Plaintiff, ANGELA JADOO, as mother and next friend of LATEE WILSON, a minor, and as Special Administrator of the Estate of FREDDIE LATRICE WILSON, Deceased, respectfully requests that this Court award judgment against Defendant CITY OF CHICAGO, for an amount in excess of the minimal jurisdictional amount of the Law Division of the Circuit Court of Cook County, Illinois, plus costs and any other remedy this Court deems just.

## COUNT II – Survival Action

1-17.  Plaintiff hereby adopts and re-alleges paragraphs 1 through 17 of Count I as and for paragraphs 1 through 17 of Court II as though fully set forth herein.

18.  That by reason of the premises and prior to his death, FREDDIE LATRICE WILSON, Deceased, was caused to be injured, experiencing extreme and severe pain and physical and emotional suffering before his death, and sustained damages of a personal and

4

pecuniary nature, and had he lived, he would have been entitled to bring this action and said action has survived him.

WHEREFORE, Plaintiff, ANGELA JADOO, as mother and next friend of LATEE WILSON, a minor, and as Special Administrator of the Estate of FREDDIE LATRICE WILSON, Deceased, respectfully requests that this Court award judgment against Defendants CITY OF CHICAGO, and Officers to be named, for an amount in excess of the minimal jurisdictional amount of the Law Division of the Circuit Court of Cook County, Illinois, plus costs and any other remedy this Court deems just.

Respectfully Submitted,

ROMANUCCI & BLANDIN, LLC

By: _Stephan D. Blandin_

One of the Attorneys for Plaintiff

Antonio M. Romanucci
Stephan D. Blandin
**ROMANUCCI & BLANDIN**
33 N. LaSalle St. Ste. 2000
Chicago IL 60602
312/458-1000
312/458-1004 *facsimile*
Attorney No.: 35875

5

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

PRIVATE BANK & TRUST COMPANY,       )
as Independent Administrator of the Estate of   )
FREDDIE LATRICE WILSON, Deceased,   )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )        No.  07 L 13394
                                    )
CITY OF CHICAGO, a Municipal        )
Corporation,                        )
                                    )
            Defendant.              )

## AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, PRIVATE BANK & TRUST COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, Deceased, by and through its attorneys, ROMANUCCI & BLANDIN, and in complaining against Defendant, CITY OF CHICAGO, a Municipal Corporation, pleading hypothetically and in the alternative, states as follows:

## PARTIES

1.      Defendant CITY OF CHICAGO is a Municipal Corporation organized under the laws of the State of Illinois.

2.      That at all times pertinent hereto, the Defendant, CITY OF CHICAGO, was a Municipal Corporation maintaining, as a division of said Municipal Corporation, a certain police department, commonly referred to as the Chicago Police Department.

3.      That on said date and all times pertinent hereto, the Chicago Police Officers

1

present at the scene of the occurrence were authorized officers, agents, representatives and/or employees of the Chicago Police Department and were then and there acting under the authority and within the scope of their agency and/or employment with Defendant, CITY OF CHICAGO.

4.     On December 28, 2007, Plaintiff, PRIVATE BANK & TRUST COMPANY, was appointed as the Independent Administrator for the Estate of Freddie Latrice Wilson by the Probate Division of the Circuit Court of Cook County (No. 2007 P 8169).

## FACTS

5.     At the time of his death on November 13, 2007, Decedent FREDDIE LATRICE WILSON (hereinafter, "WILSON") was a citizen of the United States and a resident of Cook County, Illinois.

6.     On November 13, 2007, at approximately 10:30 p.m., WILSON was seated in an automobile at or near the 0-99 block of North Lorel Avenue, Chicago, Illinois.

7.     On said date and time, two Chicago Police Officers approached the automobile in which WILSON was seated.

8.     That shortly after the officers approached said vehicle, two additional Chicago Police Officers were called and arrived at the scene.

9.     That the Chicago Police Officers at the scene, without provocation, need, or explanation, pulled out their service pistols and opened fire on WILSON and the automobile he was seated in.

10.    That the officers fired multiple shots at WILSON at close range, striking WILSON repeatedly.

2

11.    At the time the Chicago Police Officers shot the Decedent, the Decedent had his arms raised, was unarmed, and posed no threat of death or serious injury to either the Police Officers or the public.

## COUNT I – Wrongful Death

1-11.   Plaintiff hereby adopts and re-alleges paragraphs 1 through 11 as and for paragraphs 1 through 11 of Court I as though fully set forth herein.

12.    At all relevant times, it was the duty of the Chicago Police Officers at the scene of the occurrence and Defendant CITY OF CHICAGO by and through its agents, servants, and employees to refrain from conduct exhibiting a reckless or intentional disregard for the safety of others, including decedent WILSON.

13.   The aforementioned duty included, but was not limited to, the Chicago Police Officers' duty to refrain from using deadly force except to protect themselves or others from death or great bodily harm.

14.    Defendant CITY OF CHICAGO, by and through it agents, breached the aforementioned duty by committing one of the following acts and/or omissions:

    a.   Chicago Police Officers at the scene recklessly and/or intentionally pointed their weapons at Decedent WILSON under circumstances where the Decedent posed no threat or danger either to the Officers or others;

    b.   Chicago Police Officers at the scene recklessly and/or intentionally placed their finger on the trigger of their service weapons while pointing their weapons at Decedent WILSON under circumstances where the Decedent posed no threat or danger either to the Officers or others;

    c.   Chicago Police Officers at the scene recklessly and/or intentionally used deadly force against Decedent WILSON under circumstances where the Decedent posed no threat or danger to the Officers or others; and,

    d.   Defendant Officers recklessly and/or intentionally shot Decedent WILSON, while his arms were raised, unarmed and posing no threat or danger to the Officers or others.

15.    As a direct and proximate result of the shots fired by the Officers, the Plaintiff's Decedent, WILSON, sustained substantial injuries and ultimately expired.

16.    At the time of his death, FREDDIE LATRICE WILSON, Deceased, left surviving him, Latee Wilson, a minor, his son, who was dependent upon the Decedent for his support and has been and will be deprived of benefits of the Decedent's services, income, support, society, companionship, love and affection during and for the remainder of his life.

WHEREFORE, Plaintiff, PRIVATE TRUST & BANK COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, Deceased, respectfully requests that this Court award judgment against Defendant, CITY OF CHICAGO, for an amount in excess of the minimal jurisdictional amount of the Law Division of the Circuit Court of Cook County, Illinois, plus costs, attorneys fees, and any other remedy this Court deems just.

## COUNT II – Survival Action

1-15.    Plaintiff hereby adopts and re-alleges paragraphs 1 through 15 of Count I as and for paragraphs 1 through 15 of Court II as though fully set forth herein.

16.    That by reason of the premises and prior to his death, FREDDIE LATRICE WILSON, Deceased, was caused to be injured, experiencing extreme and severe pain and physical and emotional suffering before his death, and sustained damages of a personal and pecuniary nature, and had he lived, he would have been entitled to bring this action and said action has survived him.

WHEREFORE, Plaintiff, PRIVATE TRUST & BANK COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, Deceased, respectfully requests that this Court award judgment against Defendant, CITY OF CHICAGO, for an amount in

4

excess of the minimal jurisdictional amount of the Law Division of the Circuit Court of Cook

County, Illinois, plus costs, attorneys fees and any other remedy this Court deems just.

Respectfully Submitted,

_____

One of the Attorneys for Plaintiff

Antonio M. Romanucci
David J. Vander Ploeg
**ROMANUCCI & BLANDIN**
33 N. LaSalle St. Ste. 2000
Chicago IL 60602
312/458-1000
312/458-1004 *facsimile*
Attorney No.: 35875

5

**<u>DEFENDANT'S EXHIBIT 5</u>**

4103  Order Declaring Heirship                                    (Rev. 7/5/00)  CCP 0305

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT-PROBATE DIVISION

Estate of

FREDDIE LATEE WILSON
                                      **Deceased**

No.  2007 P 8169                     000006 8.2952

Docket                               2007

Page

## ORDER DECLARING HEIRSHIP 4103

After considering evidence concerning heirship, the court declares that the following are the only heirs of the decedent:

LATEE WILSON, a son

```
ENTERED
JUDGE JAMES W. KENNEDY·1557

DEC 2 8 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK
```

ENTER:

_____          _____
                Judge                      Judge's No.

Atty. No. 35875

Atty. Name:  David Vander Ploeg

Firm Name:  ROMANUCCI & BLANDIN

Address:  33 N. LaSalle Street, Suite 2000

City/Zip:  Chicago, Illinois 60602

Telephone:  312-458-1000

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**DEFENDANT'S EXHIBIT 6**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Private Bank & Trust*

v.

*City of Chicago*

} No. 07 L 13394

*Frederick*

v.

*City of Chicago, et al.*

} No.

No. 07 L 13306

### ORDER

This Cause Coming to be Heard on Plaintiff, Private Bank & Trust's Motion to Consolidate, due notice being given, and the Court being fully advised in the premises.

It is Hereby Ordered, Plaintiff's Motion to Consolidate is Granted. Case No. 07 L 13394 is consolidated into Case No. 07 L 13306 and continued on Calender E before Judge Kathy Flanagan. The Case Management Conference scheduled in Case No. 07 L 13394 set for March 29, 2008, is hereby stricken.

Atty. No.: 35875

Name: Romanucci & Blandin, LLP

Atty. for: π

Address: 33 N. LaSalle Ste 2000

City/State/Zip: Chicago IL 60602

Telephone: 312-458-1000

ENTERED:

ENTERED
JUDGE WILLIAM D. MADDUX·1559

Dated: _____

MAR 13 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNT**